United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10132
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO COVARRUBIAS, also known as Alfredo
Covarrubias-Amaral, also known as Robert Covarrubias,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-229-ALL-A
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Alfredo Covarrubias appeals his sentence for violating 8 U.S.C. § 1326(a) and (b) by illegally reentering the United States, without permission, following his deportation. Covarrubias contends for the first time on appeal that he should not have been assessed a criminal history point for a prior conviction for shoplifting because that crime is similar to the crime of writing an insufficient-funds check, which is exempt from inclusion in the criminal history calculation.  See U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 4A1.2(c)(1).  Covarrubias fails to provide any binding authority holding that the two offenses are similar, and he thus fails to show that the district court made any "clear" or "obvious" error.  See United States v. Hull, 160 F.3d 265, 271-272 (5th Cir. 1998).

Covarrubias also has filed a letter pursuant to FED. R. APP. P. 28(j) calling our attention to the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). However, we have held that Blakely does not apply to the United States Sentencing Guidelines.  United States v. Pineiro, 377 F.3d 464, 473 (5th Cir. 2004), petition for cert. filed (U.S. July 14, 2004) (No. 04-5263).

AFFIRMED.